## No. 11,891.

### PIERRE MENGELLE & CO. VS. WIDOW PHILLIPPE ABADIE ET AL.

A lessor who obtains an illegal judgment against his tenant, and has it executed pending a devolutive appeal, is responsible for the actual damages occasioned to the tenant.

The plaintiffs were illegally ejected.

The judgment under which the tenant was ejected was reversed on the devolutive appeal.

APPEAL from the Civil District Court for the Parish of Orleans. *King, J.*

*A. A. Ker & A. J. Murphy* for Plaintiffs, Appellants.

*John Bassich, Jr.*, and *P. L. Fourchy* for Defendants, Appellees.

Argued and submitted March 10, 1896.
Opinion handed down March 23, 1896.

The opinion of the court was delivered by

BREAUX, J.   The plaintiffs sue the defendant for the recovery of damages in the sum of ten thousand dollars, for having been ejected from premises leased to them by the defendant.

They charge that the constable, in removing their stock of liquors and other property from the premises leased, caused to them the loss of not less than five hundred dollars, by wantonly destroying and damaging the stock; that he, in addition compelled them to pay him the sum of ninety-seven dollars, to which he was not entitled; the remainder is claimed for punitive and exemplary damages.

The defendants deny that the plaintiffs had any right of possession as tenants, or that they held under a lease.

Mrs. Abadie avers that under a judgment in her favor against the plaintiffs, rendered by the judge of the Second City Court of this city, she, as lessor, was placed in possession of the property leased.

The plaintiffs took a devolutive appeal from this judgment, after the defendant had been placed in possession and obtained a reversal of the judgment on appeal.

The defendant urges that plaintiffs had neglected their defence;

that their only appearance in the court of first instance was by way of exception, presenting such a plea as one would file only for delay.

That the execution of her judgment under the circumstance does not offer grounds sufficient for damages, and she, in her answer, claims damages in reconvention.

The constable who executed the writ of possession, made a party defendant, in a separate answer pleads a general denial, and claims to have acted in odedience to the judgment of the court.

· The judgment of the District Court rejected plaintiff's demand and dismissed defendant's reconventional demand.

From the judgment plaintiffs appeal.

It was decided that the judgment obtained by the defendant in 1892 against the plaintiffs, her lessees at the time, was illegal; it was reversed, and the judgment reversing the judgment under which Mrs. Abadie caused the eviction of the plaintiffs is *res judicata*. The issues involved in that suit are now settled. The judgment is final and it must be taken as true that the plaintiffs were illegally evicted from defendant's premises.

The judgment can not be reopened and the issues reconsidered in order to determine whether or not the plaintiffs did not seasonably present those defences which were sustained, finally, and enabled them to obtain a reversal of the judgment.

The only question here is a question of damages; that is, whether plaintiffs, under the circumstances, are entitled to damages?

We have no desire to set aside the interpretation of our predecessors holding that the title of one who purchases the property, sold under execution, issued under a judgment, reversed on a devolutive appeal, is legal and not affected by the reversal of the judgment.

The controlling idea (in those cases), we have reasons to think, was that there was ground for the sale, but that, owing to some informality in the proceedings, it was found that the judgments were erroneous and it was, in consequence, reversed.

Property sold to a stranger, particularly, passes by the sale and the title remains, despite the invalidity of the judgment under which the execution for its sale was issued.

There was a right in third persons to hold property bought at sheriff's sale, and in others of these cases there was a right in creditors to have the property sold in regular proceedings.

Here there was no such right in the lessor. The judgment now final reversed the judgment under which the writ of ejectment was issued. The ground of the reversal was that the lessor had no right to eject her tenants; the term of the lease had not elapsed.

The lessor who evicts his tenant before the end of the lease has not the shadow of a claim.

We do not think that this lessor was actuated by malice, and that there is ground for allowing exemplary or punitive damages; we are, however, firmly convinced that she is responsible for all actual damages occasioned under the illegal proceeding taken at her instance.

This being our conclusion, it only remains for us to fix the amount of the damages.

The stock of the plaintiffs and their other property on the premises were of little value. It was estimated by different witnesses at amounts varying from three hundred and fifty dollars to one thousand dollars.

The damages shown to this property were small. In addition, plaintiffs paid costs in amount thirty-six dollars, under protest.

Considering the whole of the testimony upon this point, conflicting as it is, we think that one hundred dollars is a fair compensation for all losses, and for the costs paid as just mentioned.

As regards the constable, a co-defendant, we agree with the judge of the District Court that he was reasonably careful, and the plaintiff suffered no damages from the manner in which he executed the mandate of the court. Crow *et al.* vs. Sheriff *et al.*, 45 An. 1221, 1225.

It is therefore ordered, adjudged and decreed that the judgment appealed from is annulled, avoided and reversed, in so far as it rejects plaintiff's demand against the defendant, Widow Phillipe Abadie.

It is further ordered, adjudged and decreed that plaintiffs have judgment against and recover of the defendant, Mrs. Phillipe Abadie, the sum of ($100) one hundred dollars, with five per cent. per annum interest from the date of this decree, together with costs of both courts.

It is further ordered, adjudged and decreed that in so far as the judgment appealed from rejects plaintiff's claim as against P. Adelard Fortier, constable, it is hereby affirmed.